# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| AMERICAN MEDICAL ASSOCIATION, MEDICAL SOCIETY OF NEW JERSEY, and WASHINGTON STATE MEDICAL ASSOCIATION, each in an associational capacity on behalf of its members, JILL STEWART, MARIA C. PLUMACHER and JORGE CARDONA (as Attorney-in-Fact and representative of Lady Montoya Marin), individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CIGNA CORPORATION and CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:22-cv-00769-OAW<br><br><br><br><br><br><br><br><br><br><br><br>April 18, 2024 |

## JOINT MOTION TO FURTHER EXTEND DEADLINES

Pursuant to Local Rule 7(b), *et seq.*, Jill Stewart, Maria C. Plumacher, and Jorge Cardona as Attorney-in-Fact and representative of his mother, Lady Montoya Marin (collectively "Plaintiffs"), and Cigna Health and Life Insurance Company ("Cigna"), jointly move for extensions of the deadlines for completion of discovery set by the Court's October 10, 2023 Minute Order (Dkt. 71). Since that Minute Order, the parties have continued diligently working through discovery. However, given the size of this putative nation-wide class action; the volume of document discovery necessary to any motion for class certification that Plaintiffs may file, including how to manage millions of lines of

9129613.1

claim data (from just a two-state sample); and the parties' agreement that they will need to approach one or more third parties for documents and information bearing on class certification issues, the parties respectfully submit that good cause exists for a reasonable, five-month further extension of the existing deadlines. In particular, the parties request that the deadline for substantial completion of the parties' document productions move from May 17, 2024 to October 18, 2024, completion of fact discovery move from July 17, 2024 to December 20, 2024; and that the deadline for Plaintiffs' motion for class certification be set for February 28, 2025. Related deadlines are proposed in the table in Paragraph 19, below. This is the second extension of time sought to extend the discovery-related deadlines set by the Court's original Scheduling Order.

1. **Procedural Background:** On June 10, 2022, Plaintiffs Stewart, Plumacher, and Cardona as Attorney-in-Fact and representative of Montoya-Marin (collectively, "Individual Plaintiffs") filed a Class Action Complaint against Defendants for claims under ERISA Sections 502(a)(1)(B), 502(a)(3)(A), and 502(a)(3)(B). (Dkt. 1.) Cigna filed a motion to dismiss that complaint on August 22, 2022. (Dkt. 24.) Plaintiffs filed their First Amended Complaint ("FAC") on September 12, 2022. (Dkt. 37.)

2. The FAC maintained Individual Plaintiffs' three ERISA claims, and added the American Medical Association, Medical Society of New Jersey, and Washington State Medical Association ("Association Plaintiffs") as plaintiffs asserting state-law claims for negligent misrepresentation, tortious interference with patient-physician contract and/or patient-physician relationship, promissory estoppel, and a claim under the Washington Consumer Protection Act. (*Id.*)

3. On October 21, 2022, the parties filed their Rule 26(f) report reflecting various agreed upon proposed deadlines. (Dkt. 46.)

4. Cigna moved to dismiss the FAC on October 26, 2022. (Dkt. 49.)

5. On November 2, 2022, the Court issued its Scheduling Order approving and adopting the deadlines proposed in the parties' Rule 26(f) report, subject to certain modifications. The Scheduling Order stated that "[a]ll discovery shall be completed on or before December 20, 2023, and all interim discovery deadlines hereby are incorporated by reference." (Dkt. 50.)

6. On October 10, 2023, the Court granted the parties' first joint motion to extend the discovery deadlines in the Scheduling Order, directing that all discovery be completed by July 17, 2024. (Dkt. 71.)

7. On March 30, 2024, the Court resolved the motion to dismiss, denying the motion as to Counts One to Three and granted it as to Counts Four to Seven. (Dkt. 72.) The Court also dismissed Cigna Corporation from the action. *Id.*

8. Pursuant to the Court's order, the parties have continued to diligently engage in discovery, as described below.

9. **Claims Data Discovery:** Addressing the discovery and production of claims-related files has proven to be a significant undertaking for completion of discovery on the current schedule. As previously described (Dkt. 70), the scope of a claims data production is substantial for this nationwide class action over a six-year period. Over the last year, the parties have conferred, regularly and at length, about how best to facilitate

appropriate discovery related to this data and the claims files associated with each individual claim.

10. As previously explained to the Court (Dkt. 70), in June 2023 the parties agreed to a production of certain Cigna claim data for two sample states, Washington and New Jersey, over the putative class period. According to Cigna, pulling this claims data (the "Claim Data")—over 15 million lines—was a substantial commitment of time, labor, and resources for Cigna's IT personnel and ultimately took over two months to complete. Cigna produced an updated and supplemented set of the Claim Data in January 2024.

11. The parties then met and conferred about the Claim Data, including written correspondence and numerous telephonic conferences. For example, Cigna provided information about the data fields, so that the parties could determine how to isolate claims that may be more relevant to Plaintiffs' claims.

12. Given the massive volume of data, the parties discussed ways to resolve Cigna's objection to the undue burden of producing claim files for millions of claims, while addressing Plaintiffs' discovery requests. The parties turned to the complex negotiation of a protocol to govern the selection and use of an exemplar set of individual claims files of putative class members. That negotiation has proven challenging and time-consuming— the parties have exchanged much written correspondence and many drafts, and have had a half-dozen or more telephonic meet-and-confers. To this point, the parties have been able to work through their differing perspectives and reach compromise on almost all issues, and are trying to reach final agreement on and to execute the protocol.

13. As set out in the current draft protocol, Cigna will produce claims files for an exemplar set of 175 claims (the "Exemplar Claims"). The parties have agreed to select randomly 125 claims after sorting the Claim Data according to certain criteria, and to permit each party to select up to 25 additional claims from the Claims Data. After the claims are identified, Cigna will search for and produce certain documents and information, as described in the draft protocol, for each of the Exemplar Claims. Cigna has estimated that it will take 120 days after the Exemplar Claims are selected to complete the production of the documents and information for the Exemplar Claims, because it is a manual and labor-intensive process.

14. In addition, Cigna has represented that certain requested information about the Exemplar Claims that is not within its possession, custody, or control. For example, Plaintiffs seek information about the contracts and contract rates of healthcare providers with MultiPlan contracts, and information about other agreements that may bear on how a particular Exemplar Claim was adjudicated. Accordingly, for the Exemplar Claims, the parties have agreed to subpoena MultiPlan for such information (and such other third party(ies) if MultiPlan does not have the relevant agreement(s)).

15. Likewise, Cigna seeks bills sent by the healthcare providers to participants (called "Balance Bills") for the Exemplar Claims. Cigna intends to subpoena some of the providers for the Exemplar Claims, while Plaintiffs reserve their rights to object to those subpoenas. The parties anticipate that motion practice may be necessary to resolve this issue.

16. The parties anticipate that it will take additional time for MultiPlan and/or other third parties to respond and produce the sought information.

17. After Cigna produces the documents and information for the Exemplar Claims, and MultiPlan and/or other third parties produce the relevant materials for those Exemplar Claims, the parties will need time to review such information. Plaintiffs will likely require one or more depositions about the Claim Data, Exemplar Claims, and other materials produced by Cigna, and Cigna expects to depose the named Plaintiffs and certain nonparties. Plaintiffs reserve their rights to object to such nonparty depositions.

18. **Other Discovery:** The parties' September 23, 2023 joint motion to extend discovery (Dkt. 70) described the other categories of significant discovery that the parties have been conducting. That includes discovery related to the individual Plaintiffs and discovery from the named Plaintiffs' nonparty providers who provided the services described in the Complaint, via subpoenas served by Cigna. Additionally, there has been extensive document discovery conducted from Cigna custodians, pursuant to a negotiated set of search terms and an agreed-upon technology-assisted review protocol. Through this process, Cigna has completed first-level document review of tens of thousands of documents, began producing several thousands of documents on a rolling basis, and intends to finalize its second-level and privilege reviews in order to be able to produce additional tens of thousands of documents. Cigna has also produced over 15,000 plan documents and intends to produce an extensive amount more in the coming months. The parties also respectfully incorporate their prior explanation of these components of discovery.

19. This discovery has continued in parallel with the parties' efforts to address the Claim Data and the protocol for Exemplar Claims. For example, Cigna's discovery as to the individual Plaintiffs and their nonparty providers has been the subject of correspondence and ongoing meet-and-confers, by which the parties are attempting to resolve any disputes without the Court's involvement.

20. This amount of discovery, and the need for adequate time to complete it, are common features of large, putative nationwide ERISA class actions concerning healthcare claims like this one. This case involves millions of benefit claims, tens of thousands of individual health plans, and non-party discovery. *E.g.*, *Negron v. Cigna Health and Life Ins. Co. et al.*, 3:16-cv-01702-JAM, (D. Conn.) (original complaint filed on October 13, 2016, and after multiple extensions discovery ended on October 12, 2020) (*See* Dkts. 48, 166, 158, 192-93, 239)); *Peters et al. v. Aetna Inc. et al.*, 15-cv-00109- MR (W.D.N.C.) (complaint was filed on June 12, 2015; after multiple extensions, discovery ended on March 8, 2018. (Dkts. 77, 81)).

21. For the foregoing reasons, the parties respectfully submit that there is good cause to further modify the current discovery deadlines. The parties request that existing deadlines be adjusted according to the following table:

| Event | Current Deadline | Proposed Extended Deadline |
|---|---|---|
| Substantial completion of the parties' document productions | May 17, 2024 | October 18, 2024 |
| Completion of all discovery | July 17, 2024 | December 20, 2024 |
| Plaintiffs' motion for class certification along with any supporting expert reports and supporting materials required by FRCP 26 | May 29, 2024 | February 28, 2025 |

9129613.1

| | | |
|---|---|---|
| Cigna's opposition to motion for class certification along with any supporting expert reports and supporting materials required by FRCP 26 | - | April 25, 2025 |
| Plaintiffs' reply in support of motion for class certification | - | May 23, 2025 |
| Deadline for dispositive motions, merits expert reports and production of any additional claims data needed for merits reports, and pretrial conference and trial to be scheduled after ruling on class certification motion | - | - |

22. This is the second extension of time sought to extend the discovery-related deadlines set by the Court's Scheduling Order.

23. The parties are available to address any questions the Court may have.

Respectfully submitted,

DATED: April 18, 2024

Elizabeth K. Acee, Esq. (ct 20986)
**BARCLAY DAMON LLP**
545 Long Wharf Drive, Ninth Floor
New Haven, CT 06511
Tel. (203) 672-2659
Fax (203) 654-3260
eacee@barclaydamon.com

Jason S. Cowart, Esq. (ct 23206) (*pro hac vice*)
**ZUCKERMAN SPAEDER LLP**
485 Madison Avenue, 10th floor
New York, NY 10022
Tel. (212) 704-9660
Fax (212) 704-4256
jcowart@zuckerman.com

*/s/ Andrew N. Goldfarb*
Andrew N. Goldfarb, Esq. (phv 07743) (*pro hac vice*)

9129613.1

**ZUCKERMAN SPAEDER LLP**
1800 M Street, NW, Suite 1000
Washington, DC 20036
Tel. (202) 778-1800
Fax (202) 822-8106
agoldfarb@zuckerman.com

Leslie Howard, Esq. (pro hac vice pending)
**COHEN HOWARD, LLP**
766 Shrewsbury Avenue, Suite 200
Tinton Falls, NJ 07724
Tel. (732) 747-5202
lhoward@cohenhoward.com

*Counsel for Plaintiffs and the Putative Class*


*/s/ Warren Haskel*
Joshua B. Simon (*pro hac vice*)
Warren Haskel (*pro hac vice*)
Richard Nicholson (*pro hac vice*)
Chelsea Cosillos (*pro hac vice*)
**MCDERMOTT WILL & EMERY LLP**
jsimon@mwe.com
whaskel@mwe.com
rnicholson@mwe.com
ccosillos@mwe.com
One Vanderbilt Avenue
New York, NY 10017
Telephone:     +1 212 547 5400
Facsimile:     +1 212 547 5444

Theodore J. Tucci (Federal Bar No. ct05249)
**ROBINSON & COLE LLP**
ttucci@rc.com
280 Trumbull Street
Hartford, CT 06103
Telephone:     +1 860 275 8210
Facsimile:     +1 860 275 8299

Gregory J. Bennici (Federal Bar No. ct29698)
**ROBINSON & COLE LLP**
gbennici@rc.com
1055 Washington Boulevard

                    Stamford, CT 06901
                    Telephone:  +1 203 462 7572
                    Facsimile:   +1 203 462 7599

*Attorneys for Defendant Cigna Health and Life Insurance Company*

SO ORDERED this ___ day of _____ 2024

_____
Omar A. Williams
United States District Judge

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 18th day of April 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                */s/ Andrew N. Goldfarb*